# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |
|---|---|---|
| Plaintiff, | : | Case No. 3:22-cr-00116 |

District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

TIMOTHY JEFFERSON,

|  |  |  |
|---|---|---|
| Defendant. | : |  |

## REPORT AND RECOMMENDATIONS

This is a proceeding under 28 U.S.C. § 2255 in which Defendant seeks relief from his conviction in this Court on his plea of guilty to drug and firearms charges.

**Litigation History**

On October 13, 2022, a grand jury for this District returned an indictment of Defendant for a conspiracy to possess with intent to distribute cocaine, methamphetamine, and fentanyl (Count 1), four counts of distribution of controlled substances (Counts 2, 3, 4, and 5), possession of a firearm by a person previously convicted of a felony (Count 6), and possession of a firearm in furtherance of the drug conspiracy (Count 7). The Indictment also included two forfeiture

1

allegations, including a 1983 Chevrolet El Camino (Indictment, ECF No. 1).  Defendant was represented from the outset of the case by retained counsel, Jonathan Neel Fox (ECF No. 4).

On March 17, 2023, the parties entered into a Plea Agreement which provides, *inter alia*, that Defendant will plead guilty to Counts 1 and 7 of the Indictment and that the mandatory minimum penalty is ten years on Count 1 and five years on Count 7, to be served consecutively (ECF No. 25, ¶ 1, 2).  The parties agreed to the truth of the attached Statement of Facts and that those facts formed the factual basis for the conviction. *Id.* at ¶ 6.  The parties agreed to the forfeiture of certain property, including the 1983 Chevrolet El Camino. *Id.* at ¶ 7.  Paragraph 12 reads:

> **Defendant's Acknowledgement:** The Defendant has read and understands this plea agreement; the Defendant accepts this plea agreement knowingly and voluntarily and not as a result of any force, threats, or promises, other than the promises in this plea agreement.  The Defendant has conferred with counsel regarding this plea agreement and the facts and circumstances of the case, including the applicable law and potential defenses, and the Defendant is fully satisfied with the representation, advice, and other assistance of counsel in this case.

(ECF No. 25, PageID 57).  The Plea Agreement was filed March 28, 2023, and Defendant appeared before Magistrate Judge Caroline Gentry and tendered his plea of guilty as called for by the Plea Agreement (Minute Entry of 3/28/2023).  Judge Gentry filed a Report and Recommendations to Judge Newman which included the following:

> Based on the foregoing, the Magistrate Judge concludes that Defendant's guilty pleas to Counts 1 and 7 of the indictment (ECF No. 2) are knowing, intelligent, and voluntary pleas. The Court also concludes that the statement of facts made a part of the plea agreement, the truth of which Defendant acknowledged in open court, provides a sufficient factual basis for findings of guilt.

(Report, ECF No. 26).  Neither party objected to the Report and it was adopted by Judge Newman after the time for objection expired (ECF No. 28).  On July 25, 2023, Judge Newman sentenced

Jefferson to the term of imprisonment he is now serving (Minute Entry, ECF No. 36).  Jefferson appealed to the Sixth Circuit even before judgment was entered.

The Sixth Circuit appointed new counsel who raised only one claim, to wit, that Judge Newman had not adequately explained why he did not grant a downward departure, particularly claiming he should receive a lower sentence because he is older.  The Sixth Circuit rejected that claim and found Judge Newman's explanation sufficient.  *United States v. Jefferson,* 2024 WL 3178791 (6th Cir. Jun. 26, 2024)(unpublished; copy at ECF No. 54).  Jefferson did not seek certiorari from the United States Supreme Court but filed the pending Motion to Vacate on September 8, 2025.

**Motion to Vacate**

Jefferson pleads the following Grounds for Relief:

**Ground One:**  Ineffective Assistance of Counsel

**Supporting Facts:**  My trial Attorney, Jonathan Neel Fox, failed to conduct a thorough, or complete investigation of the government's case to discover the meritorious basis for a Motion to Suppress evidence in my case, evidence which ultimately supports my Counts 1 and 7 conviction. Counsel failed to follow-up on law enforcement conduct that I informed him of at our first meeting when I hired him, as I believe a reasonably competent counsel would have prior to advising me to plead guilty in this case. Therefore , I assert that my resulting plea of guilty is not voluntary nor intelligently made, and had I known there were, in fact, a firm basis to challenge the government's evidence in this case, I would not have pled guilty and would have proceeded to trial.

**Ground Two:  Ineffective Assistance of Counsel**

**Supporting Facts**: My trial Attorney, Jonathan Neel Fox, misled me to the benefit and with seeming knowledge of government counsel, that my agreeing to make repeated sales of small quantities of controlled substances to a confidential informant and later an Undercover law enforcement officer, followed by the discovery of large quantities of controlled substances met the· legal requirement for my Count 1 conspiracy offense. Had I known an agreement with a CI and UC does not constitute the offense of conspiracy under 21 U.S.C. §§846;841(a)(1) I would not have pled guilty and I would have proceeded to trial given the case specific circumstances of my case. And, because Attorney Fox misled me, my resulting guilty plea was not voluntary and intelligently made.

**Ground Three: Ineffective Assistance of Counsel**

**Supporting Facts:** My trial Attorney Jonathan Neel Fox was ineffective during plea negotiations. Counsel advised me not to challenge the government's criminal forfeiture of my 1983 Chevrolet El Camino and the seized United States Currency because he could use the vehicle and currency to gain a better plea deal with the government, perhaps 10-years. [MEMORANDA, Jefferson's Affidavit at Exhibit 9 page 5 narration 19] Had I known that my vehicle could not be seized merely because the CI and UC came to my apartment to purchase drugs and that my El Camino was merely present in the public apartment complex parking area for the residents on those occasions, and that my agreement to make repeated sales to the CI and UC does not constitute a a conspiracy charge, I would not have pled guilty. Attorney Fox allowing the government to have my property and money resulted in no benefit for me.

(Motion, ECF No. 58, PageID 351, 352, 354). With respect to all three of his Grounds for Relief, Jefferson avers he did not raise the claim on direct appeal because "ineffective assistance of counsel claims generally relies [sic] on matters outside of the trial record as my claim does." *Id.* For relief, Jefferson asks the Court "to vacate the entire sentencing judgment, including the criminal forefeiture [sic] in this case." (Motion, ECF No. 58, PageID 359).

4

**The United States' Opposition**

In opposing the Motion to Vacate, the United States asserts Jefferson did not receive ineffective assistance of trial counsel when his attorney failed to move to suppress the results of searches of his person, his vehicle and three residence in December, 2021, because law enforcement had a valid state search warrant for those locations and his person.

As to the second Ground for Relief, the United States acknowledges that a person cannot be convicted of conspiracy for agreeing with government agents to engage in unlawful activity, here the sale of drugs.  But, the United States asserts, Jefferson's admission of conspiracy was not limited to the named informant and undercover agent, but to other unnamed persons, including, for example, his cocaine supplier and the person who traveled with him to Texas to obtain cocaine.

Finally, as to Ground Three, the United States asserts Jefferson consented to the forfeitures in this case and waived any collateral attack on them.  Furthermore, the United States argues that claims relating to property forfeiture are not cognizable under 28 U.S.C. § 2255.

**Defendant's Reply**

With respect to Ground One, Defendant asserts that he was arrested and searched and evidence that was used to convict him was seized on the basis of a supposed probation violation warrant which did not exist.  Because there was no such warrant, the seized evidence could have been suppressed if his counsel had only investigated the search and filed a motion to suppress.

5

As to Ground Two, Defendant avers correctly that a person cannot be convicted of conspiring with government agents, but his trial attorney misinformed him that his sales to an informant and an undercover agent were sufficient to show a conspiracy.

As to Ground Three, Defendant asserts he was convinced by his attorney not to contest the forfeiture of the El Camino and seized cash because counsel could use that fact to somehow persuade the United States to offer a better plea bargain, perhaps as little as ten years imprisonment.

## Analysis

**Ineffective Assistance Standard**

 All three of Jefferson's claims are grounded in his assertion of ineffective assistance of his trial counsel.  The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

6

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the

outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

To the extent Jefferson's claims rely on the assertion his attorney's bad advice made his guilty plea less than knowing, intelligent, and voluntary, all three claims could be dismissed as waived. When Magistrate Judge Gentry reported the guilty plea to Judge Newman, she made a proposed finding that the plea was knowing, intelligent, and voluntary (Report, ECF No. 26, PageID 62). She reminded Jefferson that he had the right to object and that failure to object would forfeit the right to do so later, including on appeal. *Id.* at PageID 63). Judge Newman adopted the Report when Jefferson made no objection. (Order, ECF No. 28).

**Ground One: Failure to File Motion to Suppress**

In his First Ground for Relief, Jefferson asserts his trial attorney failed to follow up on "law enforcement conduct" of which would have provided a basis for a motion to suppress the evidence which Jefferson says convicted him. He does not make explicit on the face of his Motion what that conduct was, but in his Traverse he refers to his Affidavit in which he swears "Ohio Highway

8

Patrol Trooper Roddy informed him that he was under arrest for a probation violation." He corroborates this statement by quoting the lead detective in the investigation saying "Trooper Roddy seat belted Timothy S. Jefferson in and explained that his arrest was related to a probation violation."

In contrast, the United States relies for the validity of the search on a search warrant issued by Montgomery County Common Pleas Judge Richard Skelton on December 13, 2021, which encompasses the search actually done.[1]

Jefferson posits that the United States is bound by Trooper Roddy's statement and because there was no probation violation warrant, a motion to suppress would have been successful. The Magistrate Judge disagrees.

In the first place, Jefferson's cited authority does not support the proposition that the reason an arresting officer gives for the arrest is controlling. In *Arizona v. Gant*, 556 U.S. 332 (2009), the Court was reviewing a search incident to a warrantless arrest for narcotics. When the arrestee asked why he was being searched, an officer responded "because the law says we can do it." *Id.* at 337. The Court placed no weight at all on the statement, but limited searches incident to arrest to areas which could be easily reached by the arrestee. *Gant* has no bearing on this case at all.

Secondly, of course, Jefferson does not quote Trooper Roddy as saying there was a probation arrest warrant, but merely that a probation violation was involved. Jefferson himself provides proof that he was on probation[2] and that he was in violation of that probation by

---

[1] The search warrant and supporting affidavit are attached as Exhibits to the Motion to Vacate. Jefferson avers he received them in discovery in this case from the United States. These are judicial records and Jefferson requests we take judicial notice of them under Fed. R. Evid. 201, which request is granted.
[2] Jefferson had been placed on probation by Common Pleas Judge Parker in April, 2021, for carrying a concealed weapon and having weapons under disability.

possessing both guns and narcotics at the time of his arrest (See report of police interview attached to Motion to Vacate).

As can be seen from the search warrant affidavit, this search was the culmination of a complex investigation. This was not a search incident to a routine traffic stop as in *Gant*. If Jefferson's trial attorney had attempted to suppress the seized evidence by relying on Trooper Roddy's comment, he would have been met by the thoroughly documented search warrant and supporting affidavit. Given that posture of the case, a motion to suppress would have had little chance of success. It is neither deficient performance nor prejudicial to fail to make a meritless motion. Ground One should therefore be dismissed.

**Ground Two:  Ineffective Assistance of Trial Counsel: Misadvice About Proof of Conspiracy**

In his Second Ground for Relief, Jefferson claims he would not have pleaded guilty but for his counsel's erroneous advice that he could be convicted of conspiring on the basis of his sales to informant and undercover agents.

The Court has only Jefferson's word that he received this misadvice from his trial attorney and the Court has ample reason to doubt his word. After all, he was sworn to tell the truth during the plea colloquy (Transcript, ECF No. 49, PageID 249), but now claims he did not do so when he advised Magistrate Judge Gentry that his guilty plea was knowing, intelligent, and voluntary or admitted the facts in the Statement of Facts attached to the Plea Agreement and that those facts were sufficient for conviction. He also stated he was satisfied with the representation he had received.

Whether or not Attorney Fox gave the bad legal advice attributed to him, the Statement of Facts contains ample admission of drug quantities far in excess of what would be involved in consumer transactions and is certainly sufficient for conviction.

The Court should decline to accept Jefferson's averment about attorney misadvice on who the co-conspirators could be.  Jefferson could not reasonably have believed that he was being convicted of a conspiracy to distribute based solely on his sales to informants and undercover agents.  Ground Two should be dismissed.

**Ground Three:  Ineffective Assistance of Trial Counsel Regarding Forfeiture**

In his Third Ground for Relief, Jefferson asserts he would not have given up any claim to recover property and acquiesced in its forfeiture absent trial counsel's assertion that this concession would assist in plea negotiations.

As The United States points out, a motion to vacate under 28 U.S.C. § 2255 does not provide a remedy for an agreed forfeiture induced by bad legal advice.  § 2255 was adopted in the 1948 revisions of the Judicial Code to relieve the habeas corpus dockets of federal judges whose venue included federal prisons.  Theretofore federal prisoners sued for habeas relief where they were confined making appointment to the Kansas District including Leavenworth less attractive than many other District Judgeships.  Habeas corpus, both under the present Judicial Code and at common law, is a remedy for unlawful imprisonment, not a remedy  to recover wrongly seized property.

Ground Three should be dismissed for failure to state a claim upon which relief under 28 U.S.C. § 2255 can be granted.

11

**Evidentiary Hearing**

Having reviewed the record already before the Court, the Magistrate Judge concludes there are no material disputes of fact which require an evidentiary hearing to resolve.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Motion to Vacate  be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 1, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.