# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,        :      Case No. 3:22-cr-00116

                                  District Judge Michael J. Newman
     -   vs -                    Magistrate Judge Michael R. Merz

TIMOTHY JEFFERSON,

               Defendant.        :

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This proceeding under 28 U.S.C. § 2255, brought *pro se* by Defendant Timothy Jefferson, to obtain relief from his conviction in this Court on his plea of guilty to drug and firearms charges, is before the Court on Defendant's Objections (ECF No. 79) to the Magistrate Judge's Report and Recommendations recommending denial of the Motion to Vacate ("Report," ECF No. 72).  District Judge Newman has recommitted the Motion to Vacate for reconsideration in light of Defendant's Objections (ECF No. 80) and the United States has filed a response to the Objections (ECF No. 83).  Thus the Motion to Vacate is ripe for reconsideration.

Jefferson's Objections are quite prolix.  From PageID 610 to PageID 627, he purports to summarize the filings in the case up through the original Report, then turns to his specific objections.  Nevertheless, he includes some specific objections in the summary, rather than

1

grouping them with each Ground for Relief.  For ease of reading, this Supplemental Report deals with each objection as it arises in the text.

**Ground One:  Ineffective Assistance Of Trial Counsel: Failure to File Motion to Suppress**

In his First Ground for Relief, Jefferson claims that he received ineffective assistance of trial counsel when his retained attorney, Jonathan Neel Fox, failed to file a motion to suppress the evidence upon which Jefferson was convicted on his plea of guilty.  In the Report the Magistrate Judge recommended dismissing this claim because the evidence ins question was seized pursuant to a valid search warrant and would not have been suppressed on the basis Jefferson suggests; it cannot be ineffective assistance to fail to file a meritless motion (Report, ECF No. 72, PageID 585).

Jefferson's claim is that he was convicted on the basis of guns and drugs seized from him after an Ohio State Highway patrol officer stopped him to execute an arrest warrant for a probation violation.  Because there was no such warrant, Jefferson argues the evidence would have been suppressed if the motion had been made.  However, the facts of record completely undermine Jefferson's argument.

On December 13, 2021, Judge Richard Skelton of the Montgomery County Court of Common Pleas, issued a search warrant for Jefferson's person and for 1570 Woodman Dr. Apt. #206 Dayton, Oh. 45432; 3125 Benchwood Rd. Dayton, Ohio 45414; 112 Bennington Dr., Dayton, Ohio 45405; 2012 Dodge Ram Ohio registration (JMQ3358); and 1983 Chevrolet El Camino (JFX3935)(Motion to Vacate, ECF No. 58, Ex. 5).  At that time Jefferson was on probation to the

2

Montgomery County Common Pleas Court on conditions which made it a violation for him to possess a firearm or controlled substances. *Id.* at Ex. 4.

The next day after the search warrant was issued, December 14, 2021, Ohio State Highway Patrol Officer Roddy stopped Jefferson as he was driving the 1986 Dodge Ram.  She executed the search warrant, which covered both Jefferson's person and the Dodge Ram, and found Jefferson in possession of a firearm and controlled substances which she seized.  She had authority to make the stop to execute the search warrant.  Once she found the drugs and gun, she had probable cause to arrest Jefferson for his possession of those items because, as a convicted felon, he was not permitted to possess a firearm and no one is permitted to possess controlled substances.

Jefferson adverts to an Affidavit attached to his Motion from his girlfriend, Latoya Benson, averring that she spoke with Montgomery County Supervisory Probation Officer Connie Houston who advised that there did not exist a probation violation arrest warrant for Jefferson on December 14, 2021 (Objections, ECF No. 79, PageID 614).  Accepting that as true, it is immaterial; Trooper Roddy had probable cause to arrest without a warrant when she observed Jefferson in possession of the guns and drugs because possession of either is a felony whether or not it is a probation violation.

Jefferson relies heavily on *Arizona v. Gant,* 556 U.S. 332 (2008).  The Report holds *Gant* is not applicable to this case and Jefferson objects (Objections, ECF No. 79, PageID 622).  The very first West headnote for *Gant* reads "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions."  Trooper Roddy's search of the Dodge Ram was not "outside the judicial process," but in fact had the prior approval

3

of a Judge with subject matter jurisdiction and territorial jurisdiction over the places to be searched. The Magistrate Judge persists in his conclusion that *Gant* is inapplicable.

Jefferson complains that the "State Court judgment shows that the sentencing court imposed no condition calling for home visits by a Supervisory Probation Officer, or the warrantless search of Jefferson's person or property by either his assigned Probation Officer or Ohio Law Enforcement Officers." (Objections, ECF No. 79, PageID 613). Again, that is immaterial since the search was conducted pursuant to a separately authorized search warrant. And this seizure was not made during a home visit by a probation officer or during a warrantless search.

Beginning at PageID 629, Jefferson pleads a series of specific objections which are here set forth verbatim and analyzed.

> 1. Mr. Jefferson objects to the procedural resolution of his first and only alotted 28 U.S.C. §2255 motion. Specifically, the magistrate court's failure to Order Attorney Jonathan Neel Fox to provide an Affidavit that addresses the claims Mr. Jefferson has made against him.

PageID 629.

The Objections note that the Magistrate Judge found Jefferson had waived attorney-client privilege by relying on conversations he claims to have had with Attorney Fox (Objections, ECF No. 79, PageID 631). This is correct and it is also true that the Court has not ordered Attorney Fox to provide an affidavit about those conversations. Based on these facts, "Jefferson argues this was error as it denied him a meaningful opportunity to be heard with respect to the claims he asserted. *Mathews v. Eldridge*, 424 U. S. 319 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.)" *Id.*

Attorney Fox is not a party to this case. Jefferson never requested the Court to order Mr. Fox to respond in any way, by affidavit or otherwise, to Jefferson's allegations. There is no

requirement either in the Rules Governing § 2255 Cases or the case law to suggest such an order in an ineffective assistance of trial counsel case. Jefferson's version of the facts of the seizure – what he told Attorney Fox about what Trooper Roddy or others may have said about a probation violation – is immaterial for reasons given above.  If the government relied on what Fox said to Jefferson and put that before the Court, Jefferson would have a right to respond, but there is no right to compel when the government in no way relies on what Fox may have said.

> 2. Mr. Jefferson objects to the magistrate court's factual conclusion that Attorney Jonathan Neel Fox was not ineffective in failing to investigate Ohio law enforcement use of a claim that Jefferson had a non-existing Probation Violation as the basis for his arrest on December 14, 2021. And, the magistrate court's legal conclusion that *Arizona v. Gant*, 556 U. S. 332 (2009) has no bearing on Jefferson's case. See R&R Page 9 of 12 PAGEID 584, and Page 10 of 12 PAGEID 55

(Objections, ECF No. 79, PageID 629).

The conclusion that Attorney Fox did not provide ineffective assistance of trial counsel is a mixed finding of law and fact.  The factual findings comprise the facts surrounding the search – the issuance of search warrants by Judge Skelton and their execution by Trooper Roddy.  The legal conclusions that failing to file a motion to suppress based on those facts was not ineffective assistance of trial counsel is based on the Magistrate Judge's understanding of Fourth Amendment precedent.  The distinction from *Gant* is explained above.

In the course of his Objections, Jefferson asks the Court to take judicial notice of a Notice of Revocation in Montgomery County Common Pleas Case 2021 CR 00142 filed December 27, 2021.  The Court declines to take judicial notice of the content of these records because they do not show on their face that they related to Jefferson and they are not authenticated by judicial signature.  But if they were properly authenticated, they would show facts consistent with the

Government's case, to wit, that after evidence of Jefferson's violation of probation was seized on

December 14, 2021, the Common Pleas Court proceeded against him for probation violation.

In re-arguing the applicability of *Gant*, Jefferson cites *United States v. Buford,* 632 F.3d

264 (6th Cir. 2011)[1].  In that case, the Sixth Circuit found

> On May 18, 2008, shortly after midnight, officers of the
> Metropolitan Nashville Police Department ("MNPD") conducted a
> traffic stop of an automobile registered to Buford and occupied by
> two men. The stop was made after an officer checked the vehicle's
> plate registration and learned that its owner-registrant, defendant
> Buford, had an outstanding arrest warrant for a probation violation.

*Id.* at 267.  *Buford*, like *Gant*, is inapplicable because the search was incident to arrest, not for

execution of a search warrant.  Jefferson also cites *Bailey v. United States*, 568 U.S. 186 (2013),

where the Supreme Court decided "[a] spatial constraint defined by the immediate vicinity of the

premises to be searched is therefore required for detentions incident to the execution of a search

warrant." *Id.* at 201. In this case Trooper Roddy had a warrant to search both the 1986 Dodge Ram

and Jefferson's person and the evidence relied on for conviction was thus found.

As part of this objection, "Jefferson moves the Court to direct the government to provide

all video regarding this stop to him and the court for inspection." (Objections ECF No. 79, PageID

637).  That motion is denied as untimely and unlikely to produce material evidence.

### Objection Three:  Violation of the Party Presentation Rule

3. Mr. Jefferson objects to the magistrate court becoming an
   advocate for the government. When the court searched the trial
   record and raised a non-jurisdictional procedural defense
   argument the government did not make in their responsive
   pleading. Specifically, that all three of Jefferson's ineffective

---

[1] In his Objections, Jefferson seeks leave to add *Buford* and *Bailey* claims to the case under Fed.R.Civ.P. 15.  No such permission is needed and the Magistrate Judge has considered both precedents in this Supplemental Report.

assistance of counsel claims could be dismissed for Jefferson's failure to object to Magistrate [Judge] Gentry's 2023 Report and Recommendation following the acceptance of Jefferson's guilty plea. See R&R at Page 8 of 12, PageID 583.

(Objections, ECF No. 79, PageID 629).

Specifically Jefferson objects to the Report's raising the impact of Jefferson's never having objected to Magistrate Judge Gentry's finding, upon conducting the plea colloquy, that the guilty plea was knowing, intelligent, and voluntary and that there was a sufficient factual basis to support a finding of guilt. Jefferson does not dispute that Magistrate Judge Gentry was authorized to conduct the plea colloquy by reference from Judge Newman, that she made the requisite findings, that she notified him of his right to object, and that he never did so. He does object "that Magistrate Gentry did not comply with Fed. R. Crim. P. Rule 11(b)(l)(G), that is, the magistrate Court never explained to Jefferson in open court the essential elements of his charged offenses." (Objections, ECF No. 79, PageID 623). However, he does not claim and the record would not support any claim that he objected to Judge Gentry's Report and Recommendations on that or any other basis. In fact, the first time he made any such objection was on May 11, 2026, more than three years after the time provided in Fed.R.Crim. P. 59(b) for making such objections. This was not an issue he raised on appeal.

As authority, Jefferson relies first on *Greenlaw v. United States*, 554 U.S. 237 (2008). In that case Greenlaw was convicted of various offenses relating to drugs and firearms and sentenced by the District Judge to imprisonment for 442 months. Defendant appealed. The Eighth Circuit determined, without Government appeal or cross-appeal, that the applicable statute required a prison sentence fifteen years longer than the term the trial court had imposed and ordered the District Court to impose the required sentence. While the Court in *Greenlaw* uses the phrase "party

7

presentation principle," what it enforces is a particular instantiation of that principle in what the Court calls the "cross-appeal rule." Justice Ginsburg writes of the history of the cross-appeal rule going back to *McDonough v. Dannery,* 3 Dall. 188, 198 (1796), and being unbroken in its application since then.

Jefferson next relies on *Burgess v. United States,* 874 F.3d 1292 (11th Cir. 2017).  Burgess had pleaded guilty pursuant to a plea agreement in which he waived his right to file a collateral attack on the judgment.  Nonetheless he filed a motion to vacate under § 2255.  The United States defended on the merits, but the trial court *sua sponte* raised the collateral attack waiver and dismissed on that basis.  The Eleventh Circuit reversed, holding the Federal Rules of Civil Procedure govern §2255 proceedings when the statute and Rules Governing § 2255 proceedings are silent and that the waiver of collateral attack in a plea agreement is an affirmative defense which cannot be raised *sua sponte* by the court.  It distinguished *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of the statute of limitations defense even after answer which did not raise it).  The *Burgess* court cited *Wood v. Milyard*, 566 U.S. 463 (2012), for the general principle of party representation, but did not acknowledge that in *Wood* the Supreme Court had upheld *sua sponte* raising of a limitations defense by a court of appeals.

The *Burgess* court also noted that if it wanted to pursue an omitted affirmative defense, the government could move to amend under Fed.R.Civ.P. 15. 874 F.3d at 1301, noting Justice Scalia's suggestion to this effect in his dissent in *Day*.  Notably, the United States has not moved to amend its Response to raise the issue raised *sua sponte* in the Report.

Finally, Jefferson cites *Howard v. Bouchard*, 405 F.3d 459 (6th Cir. 2005), as declining to consider procedural default *sua sponte* (Objections, ECF No. 79, PageID 638).  *Howard* is directly to the contrary.  The court wrote:

8

> Procedural default is not a jurisdictional bar to review on the merits, and an appeals court is not required to address the issue sua sponte. *Trest v. Cain,* 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). We have previously held, however, that the court of appeals may raise the issue of procedural default sua sponte. *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir.2002); *Elzy v. United States,* 205 F.3d 882, 886 (6th Cir.2000). Like many of our sister circuits, we agree that appellate courts should not "embrace *sua sponte* raising of procedural default issues as a matter of course." *Flood v. Phillips,* 90 Fed. Appx. 108, 114, 2004 U.S.App. LEXIS 1555, at \*15 (6th Cir.2004) (citing *Rosario v. United States,* 164 F.3d 729, 732-33 (2d Cir.1998)). Here, however, we find it appropriate to do so.

405 F. 3d at 476. Proceeding *sua sponte*, the Sixth Circuit found after extended analysis that Howard's challenge to two witnesses was procedurally defaulted without excusing cause and prejudice. *Id.* at 485-86.

Jefferson has not, therefore, established any bar to *sua sponte* consideration of the affirmative defense of procedural default or the statute of limitations, even at the federal appellate level.

This case, however, does not involved *sua sponte* consideration of an affirmative defense. Rather, the Report embodies *sua sponte* consideration of Jefferson's express acknowledgement that he was satisfied with the performance of his attorney (Plea Agreement, ECF No. 25, ¶ 12). At the time he made that representation to the Court under oath, he already knew the facts on which his claims of ineffective assistance of trial counsel rest, to wit, that Attorney Fox had not filed a motion to suppress (Claim One), that Attorney Fox had allegedly told that him sales to a confidential informant and an undercover agent would support a conspiracy conviction (Claim Two), and that Attorney Fox had allegedly told him not to contest forfeiture of currency and the El Camino (Claim Three). In essence, Jefferson asks the Court to allow him to disavow his

9

satisfaction with Attorney Fox and not claim ineffective assistance of trial counsel on the basis of facts he knew at the time he said he was satisfied.

After Jefferson acknowledged satisfaction with Attorney Fox and partially in reliance on that acknowledgment, Judge Gentry recommended Judge Newman accept the guilty plea (Report, ECF No. 26).  Jefferson was allotted the prescribed time to object under Fed. R. Crim. P. 59.  He continued to know the facts on which his Motion to Vacate is based.  But he made no objection. He appealed, but raised no claim that his plea was not knowing, intelligent, and voluntary (See 6th Cir. Decision, ECF No. 54).  Instead, thirteen months after the Sixth Circuit's decision he filed the instant Motion to Vacate on the basis of facts he knew when he failed to object to Judge Gentry's recommendation that his plea be accepted.

In *Day, supra*, the Supreme Court recognized factors in favor of *sua sponte* recognition of defenses which apply to this situation.  It noted that the AEDPA "implicat[e] values beyond the concerns of the parties." 547 U.S. at 205-06 quoting *Acosta v. Artuz,* 221 F.3d 117, 123 (2nd Cir. 2000) ("The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time.").  In this case substantial judicial time was invested in taking Jefferson's plea, providing him with an opportunity to raise constitutional objections to the plea while the record was fresh, and creating, so the Court thought, finality to the case.  Allowing Jefferson to pursue claims on the basis of facts he knew when he pleaded, disrupts the finality of the judgment.  If it were allowed to become a rule, it would destroy the value of the guilty plea colloquy and of the use of Magistrate Judges for taking those pleas.  In sum, it was appropriate to note *sua sponte*

Jefferson's equivocation about his guilty plea, made at a time when the record has become cold.

Raising the issue *sua sponte* was not inconsistent with precedent.

Nonetheless, the Magistrate Judge does not now and did not in the original Report

recommend dismissal on the basis of the equivocation.  Instead the undersigned noted the

equivocation and left it to the defending attorney to proceed with a defense on that basis.  As can

be seen from the Government's Response to Jefferson's Objections, the Government has not done

so.

**Conclusion**

Accordingly, after reconsideration, the Magistrate Judge adheres to his prior

recommendations:  Grounds One and Two should be dismissed on the merits and Ground Three

should be dismissed without prejudice for failure to state a claim upon which habeas corpus relief

can be granted.

June 8, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

11